UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

MATTHEW ALAN SCHROCK, JR.,

    Plaintiff,

v.                              CAUSE NO. 3:20-CV-179-DRL-MGG

MARK SEVIER *et al.*,

    Defendants.

## OPINION & ORDER

Matthew Alan Schrock, Jr., a prisoner proceeding without a lawyer, filed an amended complaint under 42 U.S.C. § 1983. ECF 10. Under 28 U.S.C. § 1915A, the court must screen the complaint to determine whether it states a claim for relief. The court bears in mind that "[a] document filed *pro se* is to be liberally construed." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citation omitted).

Mr. Schrock alleges that his constitutional rights were violated by twelve different prison staff members. ECF 10 at 1. He first claims that in February 2019, Correctional Officer Maggie Moore and an unnamed mail room employee wrongfully opened "legal mail" he had tendered for mailing, consisting of "3 photographs and pre-stamped envelopes." He claims the mail was returned to him missing these items, which were "invaluable," causing him to lose "his family rights to his daughter." He claims that he complained about the handling of his mail to Warden Mark Sevier, Warden John Galipeau, Deputy Warden Kenneth Gann, Executive Assistant David Leonard, and a host of others, but they declined to take any action.

An inmate has a general First Amendment right to send and receive mail, but that right does not preclude prison officials from examining the mail to ensure it does not contain contraband. *Wolff v. McDonnell*, 418 U.S. 539, 576 (1974). An inmate's "legal mail" is entitled to greater protection. *Id.*;

*Rowe v. Shake*, 196 F.3d 778, 782 (7th Cir. 1999). "Legal mail" is a term of art; it refers to mail to or from the inmate's legal counsel that is clearly identified as such. This type of mail may not be opened outside the inmate's presence. *Kaufman v. McCaughtry*, 419 F.3d 678, 686 (7th Cir. 2005). The purpose of preventing prisons from opening such mail outside of the inmate's presence is to protect the Sixth Amendment right to counsel and the attorney-client privilege. *Wolff*, 418 U.S. at 576-77. Other types of mail may be opened and inspected without violating the inmate's rights. *See Guajardo-Palma v. Martinson*, 622 F.3d 801, 804 (7th Cir. 2010); *Kaufman*, 419 F.3d at 686.

Here, Mr. Schrock doesn't allege that the mail in question was being sent to or from an attorney, nor is there any plausible basis to infer that mail room staff's examination of photographs or self-addressed stamped envelopes violated Mr. Schrock's right to confidential communications with an attorney. There is also no factual content in the complaint from which it can be plausibly inferred that the mishandling of this one piece of mail, containing photographs and empty envelopes, caused him to lose "rights to his daughter." *See Johnson v. Piontek*, 799 F. Appx. 418, 420 (7th Cir. 2020) (inmate's allegation that jail delayed his mail on one occasion "does not permit a plausible inference that he was hindered in his ability to defend himself" in his criminal case, particularly where he did not "explain the significance" of the mail to his defense); *Rowe*, 196 F.3d at 782–83 (sporadic or isolated interruptions to prisoner's mail did not trigger a constitutional claim). To the extent he complains about the monetary loss of these items, that would implicate the Due Process Clause rather than the First Amendment. However, he has a state court remedy available and thus cannot pursue a federal due process claim pertaining to the loss of these items. *See Wynn v. Southward*, 251 F.3d 588, 593 (7th Cir. 2001) ("[Plaintiff] has an adequate post deprivation remedy in the Indiana Tort Claims Act, and no more process was due.").

Mr. Schrock next claims that in March 2019, he was unable to participate in a video court call "concerning Schrock's child protective service case." He claims that Correctional Officer Elizabeth

2

Defilice told court staff that "no operations staff was available to accommodate a court call" at that time, but he claims Officer Defilice "knew or should have known" that his unit "had three correctional officers stationed, including a sergeant, lieutenant, and a captain." He claims that her actions resulted in him being unable to "adequately prosecute his case regarding family rights to his daughter." He claims that he complained about this incident to the warden, deputy warden, and a variety of others but they declined to take any action.

Prisoners are entitled to meaningful access to the courts under the Fourteenth Amendment. *Lewis v. Casey*, 518 U.S. 343, 351 (1996). To establish a violation of the right of access to the courts, the prisoner must show that an unjustified act or condition imposed by the defendant hindered his ability to pursue a non-frivolous legal claim, and that actual harm resulted. *Id.* In other words, "only if the defendants' conduct prejudices a potentially meritorious [claim] has the right been infringed." *Marshall v. Knight*, 445 F.3d 965, 968 (7th Cir. 2006)(emphasis in original). Thus, to state a claim, the inmate is required to "spell out" in at least "minimal detail" the connection between the denial of access to the courts and the resulting prejudice to a potentially meritorious legal claim. *Id.* Additionally, this right only "protects prisoners from being shut out of court; it does not exist to enable the prisoner to litigate effectively once in court." *Pruitt v. Mote*, 503 F.3d 647, 657 (7th Cir. 2007) (*en banc*) (internal citation and quotation marks omitted).

Here, the complaint suggests that Officer Defilice was negligent in failing to recognize that there was staff available to escort Mr. Schrock to the court call. A mistake or negligence on the part of a prison employee is not enough to impose liability under section 1983. *See Hambright v. Kemper*, 705 F. Appx. 461, 463 (7th Cir. 2017). Assuming the complaint could be read to allege intentional misconduct, Mr. Schrock has not "spelled out" the connection, if any, between his missed appearance at this one court hearing and the loss of his rights in the child protection case. *See Marshall*, 445 F.3d at 968; *Hertel v. Miller-Lewis*, 695 F. Appx. 957, 961 (7th Cir. 2017) (observing that "[s]peculative

3

prejudice" is not enough to establish actual injury in connection with a denial of access-to-the courts claim). Nor is it apparent that he could not pursue other means to participate in the case, such as filing documents with the court by mail, even though he was unable to attend the video hearing. He has not alleged a plausible constitutional claim in connection with these allegations.

Finally, Mr. Schrock claims that his right of access to the courts was violated due to inadequacies in the law library. Specifically, he claims that the law library "lacked legal forms and research material for child protective cases[.]" He further claims that he "pursued rights to his daughter through his family, but was unable to litigate this line of defenses due to the lack of legal materials and researching abilities." Although prisoners have a right to adequate legal materials, there is no "abstract, freestanding right to a law library or legal assistance." *Lewis*, 518 U.S. at 351. Such a claim hinges on whether there was prejudice to a non-frivolous legal claim pertaining to the prisoner's "conviction, sentence, or conditions of confinement." *Marshall*, 445 F.3d at 969.

Here, Mr. Schrock states that the defendants' actions hindered his ability to pursue a child protection matter rather than a claim related to his conviction or the conditions of his confinement. This isn't sufficient to state a claim. *Id.* Assuming pursuit of a child protection matter could trigger an access-to-the courts claim, Mr. Schrock does not "spell out" the connection between his inability to conduct research and the loss of his rights in the child protection case. *See Marshall*, 445 F.3d at 968; *Hertel*, 695 F. Appx. at 961. His allegations don't state a plausible claim for relief.

Ordinarily, the court should afford a *pro se* litigant an opportunity to cure his defective pleadings. *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018); *Luevano v. Wal-Mart*, 722 F.3d 1014 (7th Cir. 2013). However, the court is not required to grant leave to amend where such action would be futile. *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009) ("[C]ourts have broad discretion to deny leave to amend where . . . the amendment would be futile."). Mr. Schrock has already been afforded one opportunity to file an amended complaint, and the court finds no basis to

conclude that, if given another opportunity, he could state a plausible claim, consistent with the allegations he has already made.

For these reasons, the court:

(1)  DISMISSES this case pursuant to 28 U.S.C. § 1915A; and

(2)  DIRECTS the clerk to enter judgment.

SO ORDERED.

August 27, 2020                                    *s/ Damon R. Leichty*
                                                                Judge, United States District Court